UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| QIANG JIN LIN, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 1:18-cv-078 |
| § | | |
| KIRSTJEN MICHELE NIELSEN, § | | |
| ET AL., § | | |
| Respondents. § | | |

### MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

Before the Court is Respondents' Motion to Dismiss Petition for a Writ of Habeas Corpus as Moot (hereinafter, Respondents' "Motion" or "Motion to Dismiss"). Dkt. No. 10. For the reasons provided below, it is recommended that the Court **GRANT** Respondents' Motion, and **DISMISS** Qiang Jin Lin's 28 U.S.C. § 2241 Petition and case as moot.

### I. Background

On May 18, 2018, Petitioner Qiang Jin Lin filed a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus (hereinafter, Lin's "Petiton"). Dkt. No. 1. Lin's Petition states that he has been detained in the custody of U.S. Immigration and Customs Enforcement ("ICE") at the Port Isabel Detention Center for "longer than necessary." *Id*. at 6. His sole request for relief is that he be released from custody so that he may seek political asylum and "unite with his wife in the United States."

*Id*. at 7. On June 28, 2018, Respondents filed their instant Motion to Dismiss, arguing that Lin's Petition should be dismissed as moot. Dkt. No. 10. Respondents state that Lin was released from custody on June 21, 2018, pursuant to an ICE Order of Supervision. *Id*. at 3 (citing Dkt. No. 11 at 10-11). As Lin's Petition only challenged his ICE detention, and not the current terms of his supervised release, or any other collateral consequence of his detention, Respondents contend that Lin's Petition is now moot. *Id*. at 4-7.

## II. Discussion

Respondents are correct. Lin was released from custody on June 21, 2018, pursuant to an ICE Order of Supervision. Dkt. No. 11 at 10-13. Lin's Petition only challenged his ICE detention, and not the current terms of his supervised release, or any other collateral consequence of his detention. Dkt. No. 1 at 6-7. Accordingly, for the reasons correctly provided by Respondents,[1] Lin's Petition and case are now moot, and should be **DISMISSED**. *See Ramos v. Olivarez*, Civil Action No. B–14–266, 2015 WL 12840469, at *3 (S.D. Tex., July 31, 2015), *report and recommendation adopted,* (S.D. Tex., Aug. 31, 2015) ("Ramos's Petition contests his prolonged detention in ICE's custody, and asks the Court to order his release from that custody. Having been released from that custody, Ramos's Petition and case are now moot and should be dismissed.") (citations omitted).

---

[1] *See* Dkt. No. 10 at 4-7. The Court notes here that Lin is represented by counsel, and his counsel has not filed a response to Respondents' Motion to Dismiss.

## III.  Recommendation

It is recommended that the Court **GRANT** Respondents' Motion (Dkt. No. 10), and **DISMISS** Qiang Jin Lin's 28 U.S.C. § 2241 Petition (Dkt. No. 1) and case as moot.

## IV.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 24th day of July, 2018.

_____
Ignacio Torteya, III
United States Magistrate Judge